**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DEMARCUS A. GRESHAM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | **NO. 5:18-CV-360-MTT-MSH** |
| **VALDOSTA STATE PRISON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Demarcus A. Gresham, an inmate presently incarcerated at the Georgia State Prison in Reidsville, Georgia, filed a document that was construed as a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. On November 5, 2018, Plaintiff was ordered to submit a proper motion for leave to proceed *in forma pauperis* and to refile his original Complaint on the Court's standard § 1983 form. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Complaint. Order, Nov. 5, 2018, ECF No. 6.

The time for compliance passed without a response from Plaintiff. Plaintiff was thus ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was warned that failure to respond to the Court's order would result in the dismissal of his Complaint. Order, Jan. 9, 2019, ECF No. 7.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and

otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

      **SO ORDERED**, this 14th day of February, 2019.

                    S/Marc T. Treadwell
                    MARC T. TREADWELL, JUDGE
                    UNITED STATES DISTRICT COURT

---

[1] It is unclear whether the statute of limitations could bar the refiling of any of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on multiple occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).